NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DENISE LEONA PALMER,

  Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

  Defendant-Appellee.

No.   22-16448

D.C. No. 2:21-cv-00190-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted March 25, 2024
San Francisco, California

Before:  PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

Denise Palmer appeals the district court's order affirming the denial of her

application for Social Security benefits.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo an order

affirming a denial of Social Security benefits and may reverse when the decision is

not supported by substantial evidence or is based upon legal error.  *Woods v.*

_____

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). Where the evidence is susceptible to more than one rational interpretation, we must affirm. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). We affirm.

1. Palmer argues that the administrative law judge ("ALJ") improperly discounted her symptom testimony. The ALJ discounted Palmer's pain testimony both because it was "not entirely consistent" with medical record evidence and because her testimony about the severity of her pain and pain-related limitations was not corroborated by objective medical evidence. "When objective medical evidence is inconsistent with a claimant's subjective testimony, an ALJ can 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so.'" *Smartt*, 53 F.4th at 494 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). The ALJ's opinion demonstrates specific, clear, and convincing reasons for rejecting Palmer's testimony about the degree of her impairments, including Palmer's inconsistent use of an ambulatory aid. And, although lack of objective corroboration cannot be the only basis for discounting pain testimony, it is an additional factor that the ALJ may consider in the credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

2. Palmer argues the ALJ improperly discounted the medical opinions of Dr. Young and Dr. Koss-Leland. Under the governing regulations, the ALJ "must

'articulate . . . how persuasive' [she] finds 'all of the medical opinions' from each doctor or other source [] and 'explain how [she] considered the supportability and consistency factors' in reaching these findings." *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. §§ 404.1520c(b) & (b)(2)). Although the ALJ did not specifically articulate her analysis of the supportability and consistency factors, the ALJ's conclusion that Dr. Young and Dr. Koss-Leland's opinions are inconsistent with the normal findings present in Palmer's treatment records and progress notes is supported by substantial evidence. Accordingly, to the extent the ALJ erred by failing to clearly articulate how she considered the supportability factor, any such error was harmless.

**AFFIRMED.**